# United States District Court
# Central District of California

| | |
|---|---|
| HUDSON-MUNOZ, LLC, a California Limited Liability Company,<br><br>                Plaintiff,<br><br>    v.<br><br>U.S. WAFFLE COMPANY, INC., a South Carolina Corporation; and DOES 1-10,<br><br>               Defendants. | Case No: 2:19-cv-01960-ODW (RAO)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [6]** |

## I.  INTRODUCTION

Pending before the Court is Defendant U.S. Waffle Company, Inc.'s ("U.S. Waffle") Motion to Dismiss for Lack of Personal Jurisdiction.  (Mot. to Dismiss ("Mot."), ECF No. 6.)  For the reasons below, the Court **GRANTS** U.S. Waffle's Motion.[1]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This action arises from Plaintiff Hudson-Munoz's ("Hudson") allegations that U.S. Waffle, a pancake and waffle producer incorporated in South Carolina, breached

---

[1] Having carefully considered the papers filed in connection to the instant Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

an oral contract whereby U.S. Waffle would complete and deliver Hudson's orders of frozen waffles. (Notice of Removal Ex. A ("Compl."), ¶¶ 2, 11, ECF No. 1.) Hudson alleges that in or around April 4, 2018, the parties entered into an oral agreement to have U.S. Waffle produce and package Hudson's waffles. (Compl. ¶ 11.) However, Hudson alleges that U.S. Waffle failed on multiple instances to meet the agreed-upon delivery dates, including on April 18 and May 16 of 2018. (Compl. ¶¶ 12–20.) U.S. Waffle's delays in delivering the waffles allegedly caused Hudson to suffer monetary damages, damage to relationships with Hudson's customers, and discontinuation of Hudson's products in stores. (Compl. ¶¶ 20–21.)

On October 11, 2018, Hudson filed suit against U.S. Waffle in the Superior Court of the State of California, County of Los Angeles, claiming causes of action for: (1) breach of contract; (2) negligent misrepresentation; and (3) intentional misrepresentation. (Compl. ¶¶ 24–51.) U.S. Waffle removed the matter to this Court on March 15, 2019, on the basis of diversity jurisdiction. (Notice of Removal ¶ 7.) On March 22, 2019, U.S. Waffle moved to dismiss for lack of personal jurisdiction. (*See generally* Mot.) Hudson opposes the dismissal and requests that it be allowed to conduct jurisdictional discovery. (Opp'n to Mot. ("Opp'n") 1–2, ECF No. 7.) This Motion is now before the Court for decision.

### III.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may seek to dismiss an action for lack of personal jurisdiction. Once a party seeks dismissal under Rule 12(b)(2), the plaintiff has the burden of demonstrating that the exercise of personal jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Accordingly, a court only "inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th

Cir. 1995). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *see AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Factual disputes are resolved in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1554 (9th Cir. 2006).

A court may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110–11 (9th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A district court may exercise either general or specific personal jurisdiction over non-resident defendants. *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). Under California's long-arm statute, courts may only exercise personal jurisdiction if doing so "comports with the limits imposed by federal due process." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

### IV. DISCUSSION

#### A. General Jurisdiction

For general jurisdiction to exist over a defendant, the defendant's affiliations with the state must be so "continuous and systematic" so as to render it essentially "at home" in the forum state. *Daimler AG*, 571 U.S. at 139. U.S. Waffle is incorporated in South Carolina, and its principal place of business is in South Carolina. (*See* Decl. of Mark Dion ("Dion Decl.") ¶ 2, ECF No. 6-1.) U.S. Waffle does not maintain a place of business, have employees, produce products, advertise, travel, or regularly conduct business in California. (Dion Decl. ¶¶ 3–5, 7, 9–10.) Hudson has not shown that U.S. Waffle has any systematic or continuous affiliation with California. Therefore, U.S. Waffle cannot be considered "at home" in California. *See Hirsch v.*

*Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986) (holding there was no general jurisdiction where the defendant had limited activities in the forum state).

Hudson does not dispute that this court lacks general jurisdiction over U.S. Waffle. (Reply 2–3, ECF No. 8; *see* Opp'n 4–5.) As such, only specific jurisdiction is at issue here.

**B.  Specific Jurisdiction**

Specific jurisdiction over a non-resident defendant exists where: (1) the "defendant purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident thereof[,] or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) the claim is one that "arises out of or relates to" the defendant's activities in the forum state; and (3) the exercise of jurisdiction comports with "fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff has the burden of establishing the first two prongs, and only where established does the burden shift to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable. *Id*.

*1.  Purposeful Availment or Direction*

Under the first prong of the three-part test, "purposeful availment" includes both purposeful availment and purposeful direction, which are two distinct concepts. *Id.* Purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. This test is satisfied when a defendant reaches out beyond one state to "create continuing relationships and obligations with citizens of another state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). "A contract alone does not automatically establish the requisite minimum contacts necessary for the exercise of personal jurisdiction." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

4

Here, U.S. Waffle's alleged oral contract did not establish a substantial and continuing relationship with Hudson and the State of California—it did not solicit its business with Hudson in California or take any other action in California. (Dion Decl. ¶ 6.) Instead, U.S. Waffle submits an affidavit under penalty of perjury that the relationship was initiated outside of California and that U.S. Waffle never went to California to finalize their arrangement. (Dion Decl. ¶ 6–7.) The burden is on Hudson to provide specifics of the parties' prior negotiations, which Hudson did not mention in its pleadings. Rather, Hudson merely states, that the parties entered an arrangement to deliver waffles to "Plaintiff's facility in Los Angeles, California." (Decl. of Burt Munoz in Supp. of Opp'n ("Munoz Decl.") ¶¶ 4–5, ECF No. 7-1.)

In addition, the nature and subject of the contract itself does not indicate that U.S. Waffle "would have continuing and extensive involvement with the forum." *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991). In *Roth*, the plaintiff solicited a foreign defendant for the agreement, and the defendant had minimal presence in the forum state. *Id.* at 622. Despite being a foreign defendant and having minimal presence, the court found purposeful availment existed when considering the future consequences of the contract, as most of the work for the contract would have been performed in the forum state. *Id.* Here, the parties' agreement was that U.S. Waffle would prepare the waffles in South Carolina and deliver them to Hudson in California, with no further activity on the part of U.S. Waffle within California. Even taking into consideration Hudson's general claim that U.S. Waffle previously paid and arranged for shipment of its products to Hudson in California, there is no evidence that U.S. Waffle would be involved in anything further once Hudson received the products. Therefore, the Court finds purposeful availment lacking in this case. *See Gray & Co.*, 913 F.2d at 760–61 (holding purposeful availment lacking where the plaintiff initiated the negotiations and made an oral contract with an out-of-state defendant).

While purposeful availment is the more common analysis in contract cases, a showing of purposeful direction might be appropriate in torts-based claims[2] and "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 802–03. The Ninth Circuit has held that the relevant inquiry for purposeful direction is whether the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. at 803.

While U.S. Waffle may have committed an intentional act in entering into an agreement with Hudson, Hudson provides no evidence that U.S. Waffle expressly aimed its actions at the forum state. The Ninth Circuit has found that the requirement of express aiming is satisfied "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000), abrogated on other grounds by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L' Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006). Hudson does not dispute that it solicited U.S. Waffle outside of California for the alleged oral agreement. (Dion Decl. ¶ 6; *see generally* Opp'n.)

Hudson argues that U.S. Waffle advertises itself online as being able to provide products "nation-wide," but "maintenance of a passive website alone cannot satisfy the express aiming prong." *Mavrix Photo Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011). Although "operating even a passive website in conjunction with 'something more' . . . is sufficient," U.S. Waffle has not specifically targeted Hudson or the state of California, nor has U.S. Waffle done anything "more" that would support a finding of purposeful direction. *Id.* at 1229 (internal quotation marks omitted); *see also Pebble Beach Co*, 453 F.3d at 1158 (stating "an internet domain

---

[2] In addition to a breach of contract claim, Hudson also brings causes of action for negligent and intentional misrepresentation. (Compl. ¶¶ 32–51.)

name and passive website alone are not 'something more' . . . and . . . alone are not enough to subject a party to jurisdiction"). There is no evidence that U.S. Waffle acted with a desire to appeal to or exploit a California market. Without being able to find that U.S. Waffle committed an act that was expressly aimed at the forum state, there can be no finding of purposeful direction.

2. *Arising Out Of*

Even if Plaintiff satisfied the first requirement, which it has not, the second requirement for the Court to exercise specific personal jurisdiction "is that the claim asserted in the litigation arises out of the defendant's forum related activities." *Panavision Int'l., L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). To determine whether a plaintiff's claim arises out of the defendant's forum-related activities, courts use a "but for" causation analysis. *Bancroft & Masters, Inc.*, 223 F.3d at 1088.

To find that Hudson's claims arose from U.S. Waffle's forum-related activities, Hudson first must present evidence that U.S. Waffle acted in California. Here, U.S. Waffle states that the contract was negotiated outside of California, and Hudson provides no evidence otherwise. (Dion Decl. ¶¶ 6–8; *see generally* Compl.) Hudson alleges that U.S. Waffle breached the contract, specifically by failing to deliver the agreed upon products to California. (Compl. ¶¶ 11–12.) Therefore, the claim arises solely from U.S. Waffle's failure to perform.

While U.S. Waffle may have previously arranged and paid for shipment of its products to Hudson in California, those previous shipments are not at issue. At most, there is a failure to take action for the specific contract at issue, which merely shows an absence of activity in the forum state. In fact, Hudson states that in the breach at issue, U.S. Waffle did not arrange for the transportation of the products to California, further evidencing a lack of activity in connection with the state. (Compl. ¶¶ 13, 16–19; Opp'n 8.) U.S. Waffle states that any statements or representations made to Hudson were made outside of California, and Hudson does not argue otherwise. (Dion Decl. ¶ 8; *see generally* Opp'n.) The burden is on Hudson to make a prima

facie showing of specific, forum-related activities by U.S. Waffle that resulted in Hudson's claims. Hudson has not met its burden here.

### 3. *Reasonableness*

As Plaintiff has not made a prima facie showing of the first two prongs of specific jurisdiction, the Court does not reach the issue of reasonableness.

## C. Request for Jurisdictional Discovery

A court may grant jurisdictional discovery "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (alteration in original). "[T]o obtain discovery on jurisdictional facts, the plaintiff must at least make a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction . . . ." *Id.*

In its request for jurisdictional discovery, Hudson reiterates allegations as set forth in its pleadings. (Opp'n 5–8.) It is unclear what evidence Hudson believes can be obtained through jurisdictional discovery that would demonstrate a basis for personal jurisdiction. Hudson does not explain why any facts relating to the contractual relationship and contacts between the parties would not already be in its possession and instead available solely through jurisdictional discovery. The only additional information to which Hudson claims it lacks access and which could be discovered is the possibility of a showing that U.S. Waffle has shipped products to California under other agreements with other manufacturers or distributors. This speculative possibility is based on U.S. Waffle's advertisements claiming to provide service nationwide. (Opp'n 8.) However, not only is this insufficient to establish a "colorable" basis to conduct jurisdictional discovery, such facts would also be

irrelevant to a showing of a specific jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (affirming denial of jurisdictional discovery where the plaintiff's request was based on "little more than a hunch"). As such, the Court declines to grant jurisdictional discovery.

## V. CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) The Court **GRANTS** the Defendant's Motion to Dismiss (ECF No. 6);

(2) The Court **DENIES** Plaintiff's request for jurisdictional discovery; and

(3) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 5, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**